■ In the Matter of CEDRIC R., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Gilman, J.), dated June 18, 1985, which upon a fact-finding order dated May 3, 1985, made after a plea of guilty, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, placed him on probation for two years. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's motion which was to suppress certain evidence.

Justice Niehoff has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly denied that branch of the appellant's motion which was to suppress identification testimony and physical evidence. The evidence adduced at the suppression hearing revealed that when Officer Cardoza approached the appellant and led him to a nearby van to determine whether an identification by the complaining witness could be made, he had a reasonable suspicion that the appellant had committed the robbery which had occurred 15 minutes previously at the Frank Avenue subway station. Officer Cardoza's actions in briefly detaining the appellant and leading him to

the van in order to see if an identification could be made, were justified at their inception and reasonably related in scope and intensity to the circumstances surrounding the encounter (see, *People v Rosario,* 94 AD2d 329, 331). Once the appellant was identified as one of the perpetrators of the robbery, Officer Cardoza clearly had probable cause to arrest and search him.

We have considered the appellant's remaining claims, and we find them to be without merit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.